# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GASCO, L.P., a West Virginia Limited Partnership, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-217-PJC |
| | ) | |
| DAVIS OPERATING COMPANY, an Oklahoma corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Pursuant to the parties' consent to proceed before the Magistrate Judge, the District Court reassigned this case to the undersigned on August 3, 2011.  (Dkt. #22). Now before the Court for decision is Plaintiff Gasco, L.P.'s ("Gasco") Motion for Summary Judgment (Dkt. #13), which came on for hearing on September 7, 2011.  (Dkt. #24).

Summary judgment pursuant to Rule 56 is appropriate where the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Windon Third Oil & Gas v. FDIC*, 805 F.2d 342 (10th Cir. 1986).  In *Celotex*, the court stated:

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex*, 477 U.S. at 323.

To survive a motion for summary judgment, the respondent must establish that

there is a genuine issue of material fact for trial.  The disputed fact must be material to the claim and the dispute must be genuine.  Respondent "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita v. Zenith*, 475 U.S. 574, 585 (1986).  Evidence presented by the respondent is deemed to be true and all reasonable inferences are drawn in his favor.  *Windon*, 805 F.2d at 346.  The respondent "need only present evidence from which a jury might return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "We view the evidence in a light most favorable to the nonmovant; however, it is not enough that the nonmovant's evidence be "merely colorable" or anything short of "significantly probative." *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1521 (10th Cir.1992).

The following facts are undisputed.

In December 2008, Gasco agreed to participate with Defendant Davis Operating Company ("Davis") in an oil and gas well, the Holman #1A-32 (the "Holman well"). *Affidavit of Thomas Lon Shannon* ("Shannon affidavit"), *Ex. A* (Dkt. #13).  On December 23, 2008, Gasco paid Davis $258,237.50 for Gasco's 12.5% share of the estimated drilling costs of the Holman well, $2,065,900.00, as shown on Davis' Authorization for Expenditure ("AFE").  *Shannon affidavit, Exs. A-1 and A-2 2* (Dkt. #13); *Affidavit of William H. Davis* (*Davis affidavit*), *Ex. 1* (Dkt. #18-1).

In the early part of 2009, Gasco was informed that the Holman well would not be drilled.  *Shannon affidavit, Ex. A* (Dkt. #13).  By check dated November 11, 2009, Davis refunded the sum of $182,502.50 to Gasco as "REFUND OF PREPAYMENT ON HOLMAN 1A-32, LESS PURCHASED CASING." *Shannon affidavit, Ex. A-3* (Dkt. #13).  Davis, however, did not refund $75,735.00 of Gasco's 12.5% share of the drilling

costs of the Holman well because Davis had purchased intermediate casing and surface casing, which included 10,000 feet of 7" 26# P110 intermediate casing and 1,500 feet of 9 5/8" New K55 surface casing to develop the oil and gas prospect (the "Pipe"),  for a total cost of $605,880. *Davis affidavit, Ex. 1*(Dkt. #18-1).  Davis has stored the Pipe at an equipment storage location in Pittsburgh County, Oklahoma.  *Id*.

Gasco contends that these undisputed facts establish that Gasco is entitled to a refund of $75,735.00, the amount remaining of its payment for 12.5% drilling costs of the undrilled Holman well, as memorialized in the contractual AFE.  Davis argues that there is no contract or agreement with Gasco that entitles Gasco to a cash refund of the investment in the Pipe; rather Gasco is entitled to 12.5% of the Pipe in kind.

Based on the record before it, the Court finds insufficient evidence on summary judgment to establish whether Gasco is entitled to a cash refund of $75,735.00 or its 12.5% investment in the Pipe in kind. Even if sufficient to establish a contract between the parties, nothing in the AFE addresses the issue. And although the affidavits of Shannon and Davis concede an agreement between Gasco and Davis that Gasco would participate in the Holman well and invest 12.5% of the estimated costs of drilling the Holman well, there is no evidence before the Court regarding any agreement, pattern or practice between the parties or in the industry as to whether Gasco's remedy for Davis' failure to drill the well is the recovery of its cash investment in the Pipe rather than its share of the Pipe purchased for the drilling of the Holman well.  Accordingly, the Court **DENIES** the motion. (Dkt. #13).

IT IS SO ORDERED, this 9th day of September, 2011.

Paul J. Cleary
United States Magistrate Judge